UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                       :

C.D., on behalf of herself and her minor child,  :
J.D.,                                           :

                       :

                 Plaintiffs,    :               23-CV-7189 (VSB)

                       :

       - against -             :               **<u>ORDER</u>**

                       :

                       :

NEW YORK CITY DEPARTMENT OF    :
EDUCATION, *et al.*,                 :

                       :

             Defendants.  :

                       :
-------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District <u>Judge</u>:

     On January 3, 2024, Defendants filed a partial motion to dismiss the Amended

Complaint, (Doc. 16), which was fully briefed on February 14, 2024, when Defendants filed

their reply memorandum of law in support of the motion to dismiss, (Doc. 21).  On June 26,

2025, Plaintiffs filed a letter bringing to my attention a Supreme Court decision issued on June

12, 2025, *A.J.T. v. Osseo Area Schs., Indep. Sch. Dist. No. 279*, 605 U.S. 335 (2025).  (Doc. 23.)

     The Supreme Court held in *A.J.T.* that the Rehabilitation Act does not require plaintiffs in

the educational services context to show "bad faith or gross misjudgment" to prevail on their

claims, *A.J.T.*, 605 U.S. at 345–46, 351, which was previously the applicable standard in the

Second Circuit, *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 841 (2d Cir. 2014)

("Courts in this Circuit have recognized that a Section 504 claim may be predicated on the claim

that a disabled student was denied access to a free appropriate education, as compared to the free

appropriate education non-disabled students receive. Such a claim, however, requires proof of

bad faith or gross misjudgment." (internal quotation marks omitted)).  The Supreme Court

rejected the "bad faith or gross misjudgment" standard in *A.J.T.* and held that Plaintiffs must now demonstrate that a defendant acted with deliberate indifference, *i.e.*, that "the defendant disregarded a strong likelihood that the challenged action would result in a violation of federally protected rights." *A.J.T.*, 605 U.S. at 345 (quotation marks omitted).

Accordingly, it is hereby:

ORDERED that the parties shall submit letter briefs regarding the impact, if any, the Supreme Court's decision in *A.J.T. v. Osseo Area Schs., Indep. Sch. Dist. No. 279*, 605 U.S. 335 (2025) has on the pending motion to dismiss on or before **January 9, 2026**.  Each letter brief shall be no longer than ten pages.

SO ORDERED.

Dated: December 11, 2025
       New York, New York

Vernon S. Broderick
United States District Judge